AUGUSTA, The, (The CUBA, v.) See Case No. 3,459.

AUGUSTA, The, (UNITED STATES v.) See Case No. 14,477.

AUGUSTA INSURANCE & BANKING CO., (HUGG v.) See Case No. 6,838.

## Case No. 648.

### AUGUSTINE v. McFARLAND et al.

[13 N. B. R. (1876,) 7; 1 N. Y. Wkly. Dig. 318.]

### District Court, D. Kansas.

BANKRUPTCY—FORECLOSURE BY MORTGAGEE IN STATE COURT—RATIFICATION.

[A mortgagee cannot proceed in a state court to foreclose a mortgage executed by a bankrupt, except by consent of the bankruptcy court; but the bankruptcy court may approve and ratify such unauthorized proceeding, and where the assignee voluntarily appeared in the state court, had his lien adjudicated, permitted the property to be several times appraised and offered for sale, and made no objections to the

proceedings for more than two years, and it did not appear that the estate would be injured by the foreclosure, the assignee is not entitled to an injunction.]

In bankruptcy.

Z. E. Britton, for complainant.
Clough & Wheat, for defendants.

FOSTER, District Judge. The complainant files his bill in this court, asking to restrain the defendants from taking a confirmation of a sale of certain real estate of said bankrupt in the district court of Dickinson county, and from further proceedings in said court. John M. Hodge was adjudged a bankrupt on the 27th day of December, A. D. 1872. The complainant, Jacob Augustine, was elected assignee of said estate on the 27th day of January, 1873, and received the assets of the estate on the 3d day of February, 1873. On the 23d day of September, 1871, the bankrupt and his wife had executed to Jas. B. Shane and T. C. Henry a mortgage on certain real estate to secure two promissory notes of five hundred and thirty-two dollars and five hundred dollars. There was also a second mortgage made on said real estate by said bankrupt and wife, October 29th, 1872, to Augusta Emmons, for five hundred dollars. Noah C. McFarland became the owner of one of the notes secured by the first mortgage, and on the 8th day of August, 1873, without authority of this court, commenced proceedings in the district court of Dickinson county to foreclose said mortgage, making Jacob Augustine, the complainant, who had become the owner of the other first secured note, a party as an individual, and also in his capacity as assignee, and also making the subsequent mortgagee, and other parties, indorsers on the notes, defendants. Jacob Augustine appeared in his individual capacity and filed an answer in said suit setting up his said claim. He also entered his appearance as assignee and waived the issuing of process, but filed no answer as assignee, nor made any objection to the proceedings. On December 4th, 1873, the said court of Dickinson county rendered a judgment and decree of foreclosure in said cause, and made an order of sale of said premises. There were subsequently several orders of sale issued on said decree, and several appraisements had, each being less than the preceding one, until it was finally sold to T. C. Henry, in March, 1875, for the sum of eight hundred and sixty dollars. During all this time the assignee made no objection to the proceedings in the state court, nor did he take any steps to foreclose said mortgage, or liquidate the liens in this court. He now files his bill in equity to restrain further proceedings in said state court for want of jurisdiction of the subject-matter in said court.

It is too well settled by a long line of decisions that the federal courts have general jurisdiction and control of all the assets of bankrupt estates, to be any longer questioned. The defendants, however, maintain that the jurisdiction of the federal court is not exclusive, and that the complainant, by making a voluntary appearance as assignee in said suit in Dickinson county, and permitting the proceedings to go on for so long a time without objection, is estopped from now invoking the aid of this court to enjoin the parties. The defendants also raise a question of limitation, but upon that point I need not express an opinion.

The case resolves itself into this:—First. Is the jurisdiction of the bankruptcy court exclusive in cases of this kind? Second. If not exclusive, if the state court had, or can have jurisdiction, should the assignee be permitted now to invoke the aid of this court?

There seems to have grown up a perplexing and somewhat incongruous line of decisions of different courts upon this question of jurisdiction between the state and federal courts in matters appertaining to bankruptcy. While it is almost the universal opinion of all the courts, both federal and state, that all matters appertaining to the administration or settlement of the estate of bankrupts belong to the bankruptcy court, and that parties may be enjoined from proceeding in the state court if its jurisdiction is promptly challenged, it is not so easy to understand the exact grounds on which these decisions rest. Several of the cases proceed to argue that the United States courts have the exclusive jurisdiction in matters of this kind, and then speak of the state courts having the right to exercise the powers if the federal court gives its consent thereto. Now, if the jurisdiction is vested by law in the bankruptcy court exclusively, how, on any known legal principle, can that court divest itself of that jurisdiction and confer it on any other tribunal? It seems to me the jurisdiction must be just where the law has placed it, and it must remain there. Neither the order of the court, nor the consent of the parties themselves, can transfer that jurisdiction to any other court. As well might it be claimed that the state district court could send parties into the probate court to foreclose a mortgage, or to a justice's court to obtain a divorce, or that parties could by consent give jurisdiction to those courts over such matters. It seems inexplicable to me, when it is held that the jurisdiction is exclusive in the United States court, that it can then be asserted that those courts may exercise it or not, or may transfer it to a state court or not, just as the whim may strike them. For instance, in the case of Phelps v. Sellick, [Case No. 11,079,] Judge Longyear holds that where a mortgagee proceeded to foreclose his mortgage in the state court after the mortgagor had been adjudged a bankrupt, the proceedings were a nullity, that is, they were

absolutely void for want of jurisdiction, and yet he holds in the same case that the mortgagee might have foreclosed in the state court if the consent of the bankruptcy court had first been obtained; and he says, "It is competent for the bankruptcy court to treat such process and proceedings as valid and binding upon the estates and persons interested therein." Then it results, that a judgment absolutely void can be treated by another court as valid and binding upon the estate and persons interested therein if it sees proper to do so. This is what might be called a shifting or transferable jurisdiction. It can be laid off or put on as easily as a mantle. The federal court can withhold or confer jurisdiction as it may see proper, and the estate and parties are bound thereby.

In Re Anderson, [Case No. 351,] the court scouts the idea that an assignee can be sued in a state court concerning the bankruptcy matters; and a decree rendered therein, although by his written consent, is held a nullity. In the case of Brigham v. Claflin, [31 Wis. 607,] decided by the supreme court of Wisconsin, the court held that jurisdiction in bankruptcy cases was solely and exclusively in the federal courts, and uses this language: "And I cannot but think that congress has in fact vested in those courts the complete and exclusive jurisdiction over all acts, matters, and things to be done under and in virtue of the bankruptcy." In Re Brinkman, [Case No. 1,884,] the court says, "The jurisdiction of said courts sitting as courts in bankruptcy is superior and exclusive in all matters arising under the statute" * * * "Any lien upon the property of the bankrupt, as long as the property is in the possession of the court or its officers, the assignee or trustee, can only be enforced in the district court sitting as a court in bankruptcy." Then in the same opinion it is said: "No person can enforce a specific lien, such as a mortgage or a judgment in a state court, while the proceedings in bankruptcy are pending, unless an assent thereto shall first be given by the assignee as an officer of the court." Now, here is a matter said to be vested by law exclusively within the jurisdiction of the bankruptcy court, and yet the assignee can by consent confer jurisdiction where the law has not given it.

I have referred to these cases more for the purpose of calling attention to what seems to me inexplicable on any legal principle, rather than authority for my decision in this cause; and in giving my opinion in this matter I find myself making an argument for the one side and deciding for the other. Were there no objectionable cases on this question, and were we compelled to go back to the bankrupt act itself for its meaning, I should be compelled to hold the jurisdiction of the bankruptcy court exclusive as to all the matters enunciated in the first section of the act, among which are the adjustment and liquidation of liens, "and all acts, matters, and things to be done under and in virtue of the bankruptcy," etc., etc. This jurisdiction being exclusive, neither the bankruptcy court, nor the parties to the proceedings could divest that jurisdiction, or confer it on any other tribunal, either by consent or by laches, and that all proceedings in the state court on any of the matters enunciated in said section were absolutely null and void. That congress having the constitutional power to establish uniform laws on the subject of bankruptcy, has seen proper to select the federal courts as the tribunals in which such laws should be administered, and has expressly conferred that power on those courts, and by no implication can the state courts take any of that jurisdiction. See Ex parte Christy, 3 How. [44 U. S.] 292; Brigham v. Claflin, [31 Wis. 607.] The several courts of this state have such powers as are defined by law, and no lawyer would contend that the district courts of this state have jurisdiction to settle estates of deceased persons because the law has nowhere said that they should not exercise that power. There has been a tribunal brought into existence, and that particular jurisdiction has been in terms conferred upon it, and that of itself is an implied exclusion of that power from other courts.

With this statement as to what my own views of the law would have been, aside from any decisions, I come back to the question as to what has been decided by the courts. It seems that the general current of authorities, and even those that hold the jurisdiction exclusive in the bankruptcy court, agree that the state courts may exercise the power when leave of the bankruptcy court is first obtained. Then there are other decisions which hold that the bankruptcy court may approve and ratify proceedings commenced in the state court without leave, if the estate will not be materially injured thereby, or if the assignee has been guilty of laches in objecting to such proceedings. It would seem to stand to reason, if the power can be conferred on the state courts by leave had prior to any proceedings, that it can by the same authority be approved and made good after the proceedings have been commenced.

The following cases hold that the jurisdiction of the United States district court in matters appertaining to bankruptcy is not exclusive of the state courts. In re Bowie, [Case No. 1,728;] Norton's Assignee v. Boyd, 3 How. [44 U. S.] 426. In this case the circuit judge used this language: "I agree fully in the opinion that upon the ground of expediency the jurisdiction of the district court of the United States over all the property of the bankrupt, mortgaged or otherwise, should be exclusive, but I do not understand the bankrupt law to render it so." The court then holds that parties may foreclose a mortgage against a bankrupt in the state courts.

and that the federal courts will not interfere except to prevent wrong or injustice to the estate. The supreme court affirmed this decision, but declined to express any opinion as to the exclusive jurisdiction of the federal court. In Mays v. Fritton, 20 Wall. [87 U. S.] 414, a foreclosure of a mortgage was had against the bankrupt in the state court. The assignee was made a party defendant, and entered his appearance and made a contest for the surplus proceeds of the sale, and did not object to the jurisdiction of the court. On appeal to the supreme court, it was held that he could not then be heard to object to the jurisdiction, as he had acquiesced in the proceedings in the state court. A still later case is Scott v. Kelly, [22 Wall: (89 U. S.) 57.] It was a case decided by the supreme court, and the opinion is delivered by Waite, C. J. It is very brief, and the substance of it is contained in these words: The assignees in bankruptcy voluntarily submitted themselves and their rights to the jurisdiction of the state court. Being summoned, they appeared without objection and presented their claim for adjudication by that court. No effort was made to remove the litigation to the courts of the United States. "It is now too late to object to the power of the state court to act in the premises and render judgment." And cites the case of Mays v. Fritton, before referred to. These decisions of the highest court in the land have recognized the power of the state courts to proceed under certain circumstances in these cases, and although it is to be regretted that the views of that court and the reasons for its decision have not been given, it is nevertheless binding upon this court.

As to the other question, it is necessary to say but little. The assignee voluntarily appeared in the case and submitted to the jurisdiction of the state court, and asked for, and took a judgment in his own favor as an individual, and had his lien adjudicated on the real estate. He permitted the property to be repeatedly appraised and offered for sale without objection, and was present at the sale and advised about the proceedings therein. The various proceedings have extended over a period of more than two years, and never, until now, has the assignee made any objection thereto. The incumbrances on the real estate are more than it will bring at public sale, and there can be no surplus for the general creditors. There is no reason to believe that the assignee can sell it for more than it has already been sold for, and I cannot see that the estate is now going to be injured by permitting the state court to proceed to a final conclusion of the matter. The temporary injunction will therefore be denied.