JOHN Q. A. CLIFTON & others *vs.* DWIGHT FOSTER & others

A mechanics' lien, under the Gen. Sts. *c.* 150, on a building, is not dissolved by the bankruptcy of the owner of the building, although the statement required by § 5 is not filed till after the commencement of the proceedings in bankruptcy; and the petition to enforce the lien may be entered in the superior court, and ordered to stand continued to await the result of those proceedings.

GRAY, J. The petitioners, under an agreement with McKay & Aldus, furnished lumber which was actually used in the erection of a building upon land, both owned by the latter; and had, by the Gen. Sts. *c.* 150, a lien thereon to secure the payment of the debt due to them for such materials. On the 21st of December 1868, within thirty days after they ceased to furnish the materials, they filed in the city clerk's office the certificate required by § 5 of that statute; and on the 16th of February 1869, within ninety days after they ceased to furnish the materials, they filed this petition to enforce their lien in the superior court for the county of Suffolk. On the 15th of December 1868, McKay & Aldus filed in the district court of the United States a petition for the benefit of the bankrupt act, and were adjudicated bankrupts · and on the 21st of January 1869 the respondents were appointed by that court assignees of their estate.

On these facts, the respondents contend, 1st, that the peti tioners' lien is dissolved; and 2d, that, if it has any validity as against them, it can only be enforced in the courts of the United States, and the state courts have no jurisdiction thereof.

The first objection was not strenuously urged in argument, and is clearly untenable; for the bankrupt act, while it provides for the collection and distribution of all the assets of the bankrupt and for vesting them in the assignee, recognizes and preserves all liens thereon. In § 1 it declares that the jurisdiction of the courts of the United States, sitting in bankruptcy, shall extend "to the ascertainment and liquidation of the liens and other specific claims" on the assets of the bankrupt. By § 11 the bankrupt is required to annex to his petition a statement of any existing lien or other security given for the payment of any debt, and an inventory of all his estate, with a statement of any incumbrance thereon. By § 14 the assignee has authority, under the direction of the court, to redeem or discharge any lien upon any property, real or personal, or to sell the property subject to the lien. And by § 20 a creditor who has a lien on real or personal property of the bankrupt, to secure the payment of a debt owing to him from the bankrupt, may be admitted to prove the balance of his debt, after deducting the value of such property, to be ascertained by agreement between him and the assignee or by a sale in such manner as the court shall direct; or may release or convey his claim upon the property to the assignee and be admitted to prove his whole debt; and if the value of the property exceeds the sum for which it is held as security, the assignee may release to the creditor the bankrupt's right therein on receiving such excess, or may sell the property subject to the claim of the creditor thereon.

The second objection requires more careful consideration. Upon the institution of proceedings in bankruptcy and the appointment of an assignee, all the property of the bankrupt passes into the custody of the courts of the United States, and cannot, while such proceedings are pending, be taken out of their custody upon any subsequent suit in the state courts. Pending the bankruptcy proceedings, therefore, no order could be made on

this petition for the sale of the real estate to satisfy the lien of the petitioners. *Norton* v. *Boyd,* 3 How. 426. *Wiswall* v. *Sampson,* 14 How. 52. *Peale* v. *Phipps,* Ib. 368. *Taylor* v. *Carryl,* 20 How. 583. *Foster* v. *The Richard Busteed,* 100 Mass. 406, 411. It does not however follow that the petition must be dismissed.

The lien of a mechanic or materialman upon real estate is a statute lien, depending for its existence and continuance upon a strict compliance with the provisions of the statutes of the Commonwealth. *Hilliard* v. *Allen,* 4 Cush. 532. These statutes create a lien as soon as the labor is performed or the materials furnished and used; Gen. Sts. *c.* 150, §§ 1–4; therein differing from the statutes of New Jersey as construed by Judge Blatchford in *Dey's case,* 3 Bankr. Reg. 81. But they declare that it shall be dissolved unless the creditor shall file a certificate thereof in the city clerk's office within thirty days, and begin a suit to enforce it within ninety days, after he ceases to furnish the labor or materials; and specify the courts in which, and the form of proceeding by which, such suit may be commenced and prosecuted. Gen. Sts. *c.* 150, §§ 5, 7 *&* *seq.* The seasonable filing of such certificate and petition would seem to be necessary to keep the lien alive, whether it is ultimately to be made effectual in the state or in the federal courts; and cannot be deemed to encroach upon the authority of the latter. *In re Bininger,* 3 Bankr. Reg. 121. It is possible indeed that, after the institution of bankruptcy proceedings, a petition to the United States court in bankruptcy within the ninety days might be held by that court equivalent to the filing of a petition in the courts of the Commonwealth. But in the absence of any decision in the courts of the United States to that effect, we cannot safely assume that such would be the construction.

The cases in the United States courts for the southern district of New York, cited for the respondents, are quite different from this case. In *Vogel's case,* 2 Bankr. Reg. 138, and 3 Ib. 49, the sheriff who was ordered to deliver up goods of the bankrupt had taken them on a writ of replevin from a state court after the filing of the petition in bankruptcy and the surrender of the goods

by the bankrupt to the register. In the case of *The Kerosene Oil Co.* 2 Bankr. Reg. 164, and 3 Ib. 31, in which those courts granted an injunction of a suit brought in the state courts to foreclose a mortgage of real estate after the commencement of bankruptcy proceedings, the validity of the mortgage was denied, and the foreclosure, if ordered, might vest the property in the mortgagee. It may also be remarked that the supreme court of the United States held in *Peck* v. *Jenness*, 7 How. 612, 624, that the courts of the United States had no authority, under the bankrupt act of 1841, to issue injunctions to the state courts; and has not yet passed upon the question whether any greater authority in this respect is conferred by the act of 1867. In the case of *The People's Mail Steamship Co.* 2 Bankr. Reg. 170, the district court of the United States, sitting in bankruptcy, stayed a suit in the same court sitting in admiralty, to enforce a lien upon a vessel, not dependent for its existence upon such a suit, and which could be as well ascertained and liquidated in bankruptcy as in admiralty.

Under the provisions of the bankrupt act, already cited, the courts of the United States, sitting in bankruptcy, may indeed authorize the assignee to redeem the property and discharge the lien; or they may order the entire property to be sold, and ascertain the amount of the debt secured by the lien, in which case that debt would be preferred in the distribution of the proceeds, and the purchaser of the estate would take it discharged of all incumbrances. *Houston* v. *City Bank*, 6 How. 486. *Fowler* v. *Hart*, 13 How. 373. *Wiswall* v. *Sampson*, 14 How. 52. *Pulliam* v. *Osborne*, 17 How. 471. *In re Barrow*, 1 Bankr. Reg. 25. *Foster* v. *Ames*, 2 Bankr. Reg. 147. But, on the other hand, those courts may in their discretion, without investigating the validity or the extent of the lien, allow the assignee to sell the property subject to the lien, and the bankrupt's estate to be finally settled, without any determination of the rights claimed under the lien, in which case the petitioner would retain those rights as against the purchaser of the property. *Wiswall* v *Sampson*, 14 How. 67. *Briggs* v. *Stephens*, 7 Law Reporter, 281. *In re McClellan*, 1 Bankr. Reg. 91. *In re Bowie*, Ib. 185

*Foster* v. *Ames*, 2 Bankr. Reg. 147, 148. If the courts of the United States, sitting in bankruptcy, should abstain from ascertaining the lien and providing for its satisfaction out of the property or the proceeds of a sale thereof, the only way of enforcing it would be under the present petition.

The rights of the petitioners will be preserved, and all interference with the custody or the jurisdiction of the national courts avoided, by ordering this petition to stand continued in the superior court to await the result of the action of the courts of the United States in the proceedings in bankruptcy.

*Case to stand continued.*

*L. W. Osgood,* for the petitioners.

*D. Foster,* for the respondents.