AMANDA NEWMAN, by her next friend, L. P. D. NEWMAN *vs.* WILLIAM A. FISHER, Garnishee of THE BALTIMORE COUNTY DAIRY ASSOCIATION.

*Jurisdiction of the District Courts of the United States, in proceedings in Bankruptcy.*

The property of a bankrupt in the hands of his assignee, duly appointed under the Bankrupt Law of the United States, is not liable, at the instance of a creditor of the bankrupt, to attachment under the laws of a State.

Under the Act of Congress, entitled "An Act to establish a uniform system of bankruptcy throughout the United States," approved March 2, 1867, the District Courts of the United States have original, superior and exclusive jurisdiction over a bankrupt, his estate, and all questions connected therewith, from the time proceedings in bankruptcy are begun until the final distribution and settlement of the bankrupt estate.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, ALVEY and ROBINSON, J.

*L. P. D. Newman* and *B. C. Barroll,* for the appellant.

The District Court had no *jurisdiction* to pass upon the application in bankruptcy, its proceedings were *coram non judice*—and wholly inoperative, null and void. And if this be true, any decree which the Court might pass in the premises, could not be set up as a defence by the garnishee against condemnation of funds in his hands, of such association duly attached.

The District Court of the United States, sitting as a Court in bankruptcy exercises a limited, statutory, special jurisdiction. In adjudicating a party a bankrupt, the facts giving the Court jurisdiction must appear on the face of the record—otherwise its decree is *coram non judice* and void. It is apparent from the record in the Dairy

Association case, that the Court had no jurisdiction to adjudicate the Association a bankrupt, because the Act of Congress requires, that the petition shall be filed on behalf of the corporation, "*by an officer duly authorized by a vote of a majority of the corporators present at any legal meeting called for the purpose.*"　*Bankrupt Law, sec.* 37.

The demurrer in this case admits the fact alleged in the replication that "the said W. F. Fundenberg was not duly authorized to file (the petition) by a vote of the majority," &c.　Wherefore the District Court was without jurisdiction to adjudicate the Association a bankrupt ; its decree to that effect was null and void.

The plea of "bankruptcy" set up by the garnishee was bad—and judgment on the demurrer ought to have been for the appellant—(the plaintiff below.)　*Matter of Lady Bryan Mining Co.*, 2 *Abbott's U. S. Rep.*, 527 ; *Gray vs. Larrimore*, 2 *Abbott's U. S. Rep.* 548.

In case of *special* jurisdiction, the facts giving jurisdiction should appear on the face of the record.　*Boarman vs. Israel, &c.*, 1 *Gill*, 381 ; *Taylor vs. Bruscup, &c.*, 27 *Md.*, 226 ; *Mears vs. Remare*, 33 *Md.*, 250 ; *Armstrong vs. Mayor, &c., of Hagerstown*, 32 *Md.*, 56 ; *Harris vs. Hardeman, et al.*, 14 *Howard*, 338, 343 ; *Williamson et al. vs. Berry*, 8 *Howard*, 540 ; *Thompson vs. Tolmie*, 2 *Peters*, 163 ; *Thatcher vs. Powell*, 6 *Wheaton*, 127 ; *The Chemung Canal Bank vs. Judson*, 4 *Selden*, 259 ; *Starbuck vs. Murray*, 5 *Wendell*, 158.

*William A. Fisher* and *J. Morrison Harris*, for the appellee.

The Courts of the United States, although of limited, are not of inferior jurisdiction ; they have exclusive and paramount jurisdiction over the subject matter of bankruptcy, and have the exclusive authority to determine the mode of the exercise of such jurisdiction ; the proceeding against the bankrupt association in the Bankrupt Court

is one "*in rem*"—and the jurisdiction cannot be controverted in this action by the plaintiffs. *McCormick vs. Sullivant*, 10 *Wheat.*, 192 ; *Shawhan vs. Wherritt*, 7 *Howard*, 627 ; *Raborg vs. Hammond*, 2 *Har. & Gill*, 42 ; *Van Nostrand vs. Carr, et al.*, 30 *Md.*, 128 ; *Bankrupt Law, Sec.* 1—5 *inclusive* ; *Corry vs. Ripley*, 57 *Maine*, 69 ; *Bump's Law and Practice of Bankruptcy*, 244, *note (b.,) and cases there cited* ; *Taylor vs. Carryl*, 20 *Howard*, 594-5 ; *U. S. vs. Booth*, 21 *Howard*, 506 ; *Freeman vs. Howe, et al.*, 24 *Howard*, 450 ; *Brown vs. Wallace*, 4 *G. J.*, 495-6.

The fund, being held by the garnishee as assignee under an appointment of the United States Court, cannot be withdrawn from his custody by the act or process of the State Court. *Wiswall vs. Sampson*, 14 *How.*, 65-6 ; *Peale vs. Phipps, et al.*, 14 *How.*, 368 ; *Brown vs. Wallace*, 4 *G. & J.*, 495-6 ; *U. S. vs. Booth*, 21 *How.*, 523 ; *Harris vs Dennie*, 3 *Peters*, 292.

The provisions of sec. 37 of the Bankrupt Act are directory merely, and the petition having been filed by the authority of the president and directors, who are competent to do all acts in relation to conducting and closing the business of the corporation, the Bankruptcy Court having jurisdiction over the subject matter, acquired it also over the party ; and in fact, the District and Circuit Courts have both decided to exercise and retain jurisdiction in the matter. *Bankrupt Law, Sec.* 37.

Form No. 3, "Corporation" petition as adopted by the Supreme Court Judges. *Union Bank of Tennessee vs. Gill, et al.*, 6 *G. & J.*, 363, 371.

ROBINSON, J., delivered the opinion of the Court.

An attachment was issued on judgment recovered by the appellant against "The Baltimore County Dairy Association," and laid in the hands of the appellee, as garnishee.

The garnishee pleads, that prior to the issuing of the attachment, the Association had been duly *declared and adjudged to be a bankrupt by the District Court of the United States* for the State of Maryland, and that the funds in question are held by him as *assignee in bankruptcy*.

To this plea the appellant replies that the Association had been adjudicated a bankrupt by the District Court, upon a petition filed by an officer of said Association, authorized to do so by a *vote of the directors,* and not by the vote of *a majority of the corporators,* at a meeting called for that purpose.

To this replication the garnishee demurred, and this appeal is taken from the judgment of the Court sustaining the demurrer.

The appellant contends that the District Court had no jurisdiction to adjudicate the Association a bankrupt, because the bankrupt Act of 1867 requires the petition to be filed by a person authorized by a vote of a majority of *the corporators,* at a meeting called for that purpose. Assuming this construction to be correct, without, however, so deciding, the question is, whether the property in the hands of the assignee in bankruptcy is liable at the instance of creditors to the attachment laws of this State.

The Bankrupt Act of 1867 was passed by Congress in pursuance of Section 8, Article 1, of the Constitution of the United States. By that section full power is conferred upon Congress over the subject of bankruptcy, with the single qualification, that the laws passed in pursuance thereof shall be uniform throughout the United States.

The first section of the Act of 1867, provides that the several District Courts of the U. States shall have original jurisdiction in proceedings in bankruptcy, and this is followed by a general provision extending such jurisdiction to all acts, matters and things to be done under and in virtue of the bankruptcy, until the final distribution

and settlement of the bankrupt estate. The jurisdiction hereby conferred on the Federal Courts is *superior* and *exclusive* in all matters arising under the statute, and from the time proceedings in bankruptcy are begun, the District Court has jurisdiction over the bankrupt, his estate and all questions connected therewith. The bankrupt Act having been passed in pursuance of the Constitution of the United States, whenever by express words, or by necessary implication, it affects the jurisdiction of State Courts or the remedies of suitors therein, they must yield to the *paramount law*. Not only is original jurisdiction in matters of bankruptcy conferred by the Act of 1867 upon the Federal Courts, but it would be inconsistent with the plain purposes of the law, and destructive of the system itself to permit creditors, by resorting to State tribunals, to withdraw against the will of the bankrupt Court, property or cases belonging to the jurisdiction of that Court. *Bump's Law and Practice of Bankruptcy*, 262. Moreover, if the contention of the appellant be correct, we should have the State Courts deciding one way and the Federal Courts another, thus inevitably leading to a conflict in jurisdiction, which it was the obvious policy of the law to avoid.

The question, then, as to whether the petition in this case was filed by an officer of the corporation legally authorized by the Act of 1867, is one which belongs to the Bankrupt Court, and whilst the proceedings in bankruptcy are *in fieri*, its judgment and the grounds upon which it was rendered, are not matters of review in a State Court. The assignee holds the property by virtue of his appointment by the bankrupt Court, and to that *Court alone*, is he responsible for its custody and disposition.

For these reasons the judgment of the Court below will be affirmed.

*Judgment affirmed.*

(Decided 29th January, 1873.)