## MARKSON ET AL. *v.* HANEY.

JURISDICTION.—*United States District Courts.*—*Bankruptcy.*—Where a district court of the United States has first acquired jurisdiction over a bankrupt, that jurisdiction is plenary and exclusive over the property of the bankrupt wherever situate (though in another district and state) so long as the proceedings in bankruptcy are pending.

SAME.—*Stay of Proceedings.*—*Mortgage.*—Proceedings in a suit to foreclose a mortgage, brought in a state court after an adjudication of bankruptcy against the mortgagor by a district court of the United States, will be stayed until the proceedings in bankruptcy are closed, upon motion showing such facts. In such a case, the further proceedings should be stayed until the proceedings in bankruptcy are closed, though the mortgaged property may have been ordered by the district court to be sold clear of the mortgage, for such order is subject to be changed, so as to direct the property to be sold subject to the mortgage, when the mortgagee can proceed to foreclose.

PRACTICE.—*New Trial.*—In a suit to foreclose a mortgage, the overruling of a motion to stay further proceedings until proceedings pending in bankruptcy shall be closed, is not a reason for a new trial.

From the Steuben Circuit Court.

*W. H. Coombs, W. H. H. Miller, J. Morris,* and *W. H. Withers,* for appellants.

*J. S. Frazer, E. V. Long, C. W. Chapman,* and *E. Haymond,* for appellee.

WORDEN, C. J.—This was an action by Haney against Antepas Thomas, to foreclose a mortgage executed by the latter to Haney, on certain lands in Kosciusko county, to secure the payment of twenty-six thousand five hundred dollars. The appellants, Markson and Spalding, were made defendants, it being alleged in the complaint that they claimed title to the land by virtue of conveyances made after the execution of the mortgage.

The complaint was filed November 21st, 1870. The defendants were brought in on publication. Thomas failed to appear, and was defaulted. Markson and Spalding answered. A change of venue in the cause was taken to Steuben county, where it was tried, resulting in a verdict for the plaintiff and judgment of foreclosure.

Markson and Spalding made no claim to the property in their own right, but only as assignees in bankruptcy of said Thomas and one John R. Edwards. They filed an answer, amongst others, in abatement, to which a demurrer was sustained, and they excepted. This ruling is assigned for error, but as we understand the brief of counsel for appellants, they do not desire to make any point upon it. We, therefore, need not notice it. They say: " As the only questions we care to present to this court are fully presented by the bill of exceptions, commencing on page 45, we shall not ask the court to wade through this unnecessarily voluminous record." We have, however, gone through with the record, and now proceed to the consideration of the questions presented by the bill of exceptions.

It appears by the bill that the defendants, Markson and Spalding, filed a petition, or written motion, in the court below, asking that the proceedings in the cause be stayed until cer-

tain proceedings in bankruptcy, hereinafter mentioned, should be closed; but the application was overruled, and the appellants excepted. The appellants, on the application to stay, showed by the proper record the following facts:

That on December 16th, 1869, the said Antepas Thomas and John R. Edwards, as partners, on the petition of their creditors, were duly adjudged to be bankrupts by the District Court of the United States for the District of Kansas; that such proceedings were afterward had in that court as that the appellants, Markson and Spalding, were duly appointed as assignees of said bankrupts, and an assignment or conveyance was made to them of the assets of the bankrupts, as provided for in the fourteenth section of the bankrupt law; that afterward, in February, 1871, the appellants, as such assignees, filed their petition in the said district court, alleging that Thomas was the owner of the land mortgaged at the time of the filing of the petition in bankruptcy; that the title had come to them as such assignees; that Daniel Haney claimed to have a mortgage on the land to secure the payment of twenty-six thousand five hundred dollars; that the mortgage was fraudulent and void. They prayed for an order of the court authorizing them to sell the land free from incumbrances, and to hold the funds received therefor in place of the land. Thereupon, the court having found that a reasonable notice had been given to Haney in that behalf, it was ordered by the court that the appellants herein, as such assignees, proceed to sell the land free and clear of the incumbrance of said mortgage, at public auction, at the door of the court-house in Kosciusko county, Indiana, after having given notice, etc., and having notified Haney by mail, postpaid, etc., and that the proceeds of the sale be paid to the clerk of said court, or to the register, to abide the determination and order of the court upon the validity of Haney's claim upon the mortgage. The proceedings in bankruptcy do not appear to be closed.

Vol. XLVII.—3

The question arises, whether on these facts the court erred in overruling the application to stay proceedings.

There can be no doubt that an adjudication in bankruptcy, an appointment of assignees, and the assignment to them of the property of the bankrupt, as contemplated in the fourteenth section of the act, vests title in the assignees to all the property of the bankrupt held by him at the commencement of the proceedings in bankruptcy, real or personal, situate, not in the district merely, but anywhere within the limits of the United States. This is clear from the general features of the law, as well as from the provision requiring the assignment to be recorded in every registry of deeds or other office within the United States where a conveyance of any land owned by the bankrupt ought to be recorded, and making the record of such assignment, or a duly certified copy thereof, evidence thereof in all courts. Assignees appointed in one district may sue in the district courts of other districts. *Shearman* v. *Bingham,* 7 B. R. 490.

By the first section of the bankrupt act, the jurisdiction conferred upon the district courts of the United States is extended:

" To all cases and controversies arising between the bankrupt and any creditor or creditors who shall claim any debt or demand under the bankruptcy;

" To the collection of all the assets of the bankrupt;

" To the ascertainment and liquidation of the liens and other specific claims thereon;

" To the adjustment of the various priorities and conflicting interests of all parties;

" And to the marshalling and disposition of the different funds and assets, so as to secure the rights of all parties and due distribution of the assets among all the creditors;

" And to all acts, matters, and things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt, and the close of the proceedings in bankruptcy."

On the subject of the power of the federal courts to deal

with liens on the property of the bankrupt, we quote the following paragraph from the opinion of the court in the case of *Clifton* v. *Foster*, 103 Mass. 233. The court say:

"Under the provisions of the bankrupt act, already cited, the courts of the United States, sitting in bankruptcy, may indeed authorize the assignee to redeem the property and discharge the lien; or they may order the entire property to be sold, and ascertain the amount of the debt secured by the lien, in which case that debt would be preferred in the distribution of the proceeds, and the purchaser of the estate would take it discharged of all incumbrances. *Houston* v. *City Bank*, 6 How. 486; *Fowler* v. *Hart*, 13 How. 373; *Wiswall* v. *Sampson*, 14 How. 52; *Pulliam* v. *Osborne*, 17 How. 471; *In re Barrow*, 1 Bankr. Reg. 125; *Foster* v. *Ames*, 2 Bankr. Reg. 147. But, on the other hand, those courts may in their discretion, without investigating the validity or the extent of the lien, allow the assignee to sell the property subject to the lien, and the bankrupt's estate to be finally settled, without any determination of the rights claimed under the lien, in which case the petitioner would retain those rights as against the purchaser of the property. *Wiswall* v. *Sampson*, 14 How. 67; *Briggs* v. *Stevens*, 7 Law Reporter, 281; *In re McClellan*, 1 Bankr. Reg. 91; *In re Bowie*, 1 Bankr. Reg. 185; *Foster* v. *Ames*, 2 Bankr. Reg. 148."

Thus it is seen that before the commencement of this action the District Court of the United States for the District of Kansas had acquired, both in fact and in point of law, full and complete jurisdiction over the matter in controversy.

In Bump on Bankruptcy, 6th ed., p. 148, it is said: "The commencement of proceedings in bankruptcy gives to the district court jurisdiction over the bankrupt, his estate, and all parties and questions connected therewith. The property and estate of the bankrupt, so far as any interference therewith is concerned, is thereby brought *eo instante*, into the court of bankruptcy, and placed in its custody and under its protection as fully as if actually brought into the visible presence of the court. Its jurisdiction is superior and exclu-

sive in all matters arising under the act. The officer appointed to manage it is accountable to the court appointing him, and to that court alone. No court of an independent state jurisdiction can withdraw the property surrendered, or determine in any degree the manner of its disposition. Claims against the estate, so long as it remains in the possession of the court, can generally be only enforced by proceedings proqerly instituted therein, or under its authority."

We are of opinion that as the federal court for the district of Kansas had thus acquired plenary jurisdiction over the matter, the state court could not rightfully proceed to adjudicate upon the matters involved, so long as the proceedings were thus pending in the federal court, and, therefore, that the court below erred in overruling the motion to stay proceedings.

The case of *Clifton* v. *Foster, supra,* is directly in point. That was the case of a lien on real estate of the bankrupt for materials furnished, sought to be enforced in a state court by a suit commenced after the institution of the proceedings in bankruptcy. The court said:

"Upon the institution of proceedings in bankruptcy, and the appointment of an assignee, all the property of the bankrupt passes into the custody of the courts of the United States, and can not, while such proceedings are pending, be taken out of their custody upon any subsequent suit in the state courts. Pending the bankruptcy proceedings, therefore, no order could be made on this petition for the sale of the real estate to satisfy the lien of the petitioners. *Norton* v. *Boyd,* 3 How. 426; *Wiswall* v. *Sampson,* 14 How. 52; *Peale* v. *Phipps,* 14 How. 368; *Taylor* v. *Carryl,* 20 How. 583; *Foster* v. *The Richard Busteed,* 100 Mass. 409, 411."

The court ordered the proceedings stayed to await the action of the court in bankruptcy.

If state courts were to take jurisdiction in such cases, the consequences would be disastrous. Two different tribunals adjudicating upon the same matter might decide the same question in different ways. This is more likely to be the

case in respect to questions of fact, especially where there are jury trials. But, what is worse, different sales of the same property, made under the authority of two different tribunals, each claiming to have jurisdiction over the subject-matter, would lead to profitless litigation involving questions of conflict of jurisdiction. All these evils may be avoided by recognizing the legal proposition that where a court of bankruptcy has thus first acquired jurisdiction, that jurisdiction is exclusive so long as the proceedings in bankruptcy are pending.

A case has been cited to show that assignees in bankruptcy may go into a state court to set aside a fraudulent conveyance made by the bankrupt. *Gilbert* v. *Priest,* 63 Barb. 339. The case does not seem to be in point here, for it would by no means follow that if a state court could take jurisdiction in such case, it could also take jurisdiction of matters rightfully pending in the court in bankruptcy. The case, however, was decided by a single judge, and the decision was subsequently reversed. See the same case in 65 Barb. 444. The current of decisions, so far as we are advised, would seem to establish the proposition that state courts have no jurisdiction in such cases. *Newman* v. *Fisher,* 37 Md. 259; *Brigham* v. *Claflin,* 31 Wis. 607; *Voorhies* v. *Frisbie,* 25 Mich. 476.

As to cases where suit has been instituted in a state court before proceedings in bankruptcy have been commenced, see the case of *Peck* v. *Jenness,* 7 How. 612.

In this case, there was an answer in abatement filed, setting up the proceedings in bankruptcy, which was held bad on demurrer. Perhaps this answer should have been held good. On this question we express no opinion, as no point is made upon it. If the case ought to have gone out of court on the answer, still the appellee can not complain that a less summary disposition of it was asked. Even if the pendency of the bankruptcy proceedings were matter of abatement, still the motion to stay proceedings was entirely proper, inasmuch as the lands might eventually have been sold in the bank-

ruptcy proceedings, subject to the mortgage, in which event Haney would have the right to proceed with his foreclosure by making the proper parties. To be sure, an order had been obtained by the assignees to sell the lands clear of the mortgage, but that order was, of course, subject to be changed by the court.

It is objected by counsel for the appellee that the question we have been considering is not before us, because the overruling of the motion to stay proceedings was not made the ground of a motion for a new trial. But this is not one of the causes for which it is provided that a new trial may be had. 2 G. & H. 211, sec. 352. The overruling of the appellants' motion was not an order that prevented the appellants from having a fair trial. The motion was not based upon the theory that the appellants were not then prepared for, and could not then have, a fair trial, but upon the theory that they could not be compelled to go into a trial at all as long as the proceedings in bankruptcy were pending. The question had nothing whatever to do with the fairness of the trial had.

For the error in overruling the motion to stay proceedings, the judgment below must be reversed.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to stay proceedings until the close of the proceedings in bankruptcy.

Petition for a rehearing overruled.