## BEAN *v.* BROWN.

A contracted with B to haul for him a quantity of lumber at a stipulated price per thousand feet. *Held,* that he had a lien on the whole quantity drawn, within sixty days next prior to the date of his writ brought to enforce his lien for the price of the hauling within that time, and not a separate lien on each thousand feet for the price of drawing the same.

A debtor, paying money to a creditor who has several claims against him, may direct to which claim the payment shall be applied. If the debtor makes no application, the creditor may apply it to any lawful demand due and payable.

ASSUMPSIT, by James B. Bean against Samuel P. Brown, with general counts, and an account annexed. Writ dated Dec. 24, 1872, and served the same day. The writ commanded the officer to attach the goods or estate of the said defendant, " especially twenty-four thousand feet of hard wood lumber, at the Potter Place so-called, in Andover, in order to secure and preserve the plaintiff's lien thereon for the indebtedness herein declared and set forth." Said lumber was accordingly attached on the writ. Trial by the court.

It appeared that the plaintiff had been hauling lumber for the defendant, at a fixed price per thousand feet, from the defendant's mill to said Potter Place.

The plaintiff had a looking over with the defendant on August 16, 1872, and found due the plaintiff at that date, for drawing lumber, $88.42. After this the plaintiff drew lumber under the contract to the amount of $336.01, making the whole amount due under the contract $445.61. The plaintiff also did other work for the defendant,—drawing hay, &c.,—amounting to $46.35, after said August 16. The defendant had paid the plaintiff, at different times up to Nov. 13, $334.46, without any special directions as to the application of said payments; but the plaintiff had applied the payments as they were made upon the earlier items of the account, and upon that part of the account which was for work done outside the contract,—at least, he had undertaken to make the application in that way, and the court found that the money was thus applied by him, if he could legally so make the application; and if such application was made, it would leave the whole of the balance of account ($157.50) due the plaintiff for hauling lumber under the special contract, within sixty days. before the attachment was made, and the lumber attached had been drawn within sixty days from the time of attachment. Said Brown. went into bankruptcy January 10, 1873, and his assignee claims to. hold this lumber thus attached, notwithstanding the attachment, while the plaintiff claims to hold the lumber by virtue of his lien and his. attachment, as against the assignee.

The defendant claims that the plaintiff had no right in law to apply·

the payments, made within sixty days before the attachment, to any claim that was due more than sixty days before said attachment, or at least before said payment, or to any claim for labor done within said sixty days outside of said special contract. But the court ruled otherwise, and the defendant excepted. If the defendant's positions are sustained, then the plaintiff's claim, either in part or in whole, would not be covered by any lien upon this lumber. The defendant also objected that the plaintiff could not recover, because his account as charged originally was made up in part for work done upon this lumber under the special contract, and that the plaintiff could not hold any lien upon any part of such an account. He also objected to the plaintiff's specification, which was all put down, both the debt and the credit, as of the date of Dec. 31, 1872,—the charge being for drawing 134,405 feet of boards, at $2.50 per 1,000 feet, $336.01, and giving credit so as to leave the true balance due, at $157.50. But the court overruled these objections, and the defendant excepted. The court found and ruled that the plaintiff had the right to apply the payments as he claims, and if he could legally do so then that he has done so, and that all of his remaining account is covered and secured by his lien, and that the plaintiff is entitled to hold all the lumber attached to the extent of his claim and costs, as against said Brown's assignee. So far as any questions of law are involved in these rulings and findings, the defendant excepts to them.

The questions of law thus raised are reserved. Judgment to be rendered as the court may order, or an auditor appointed if necessary.

*W. W. Flanders,* for the plaintiff.

*Shirley,* for the defendant.

Isaac W. Smith, J. Considering the questions raised in this case in the order in which the defendant has discussed them in his brief, the first question to be settled is, whether the specification is sufficiently definite. The writ is dated Dec. 24, 1872, and the items of debt and credit in the specification are all under the date of Dec. 31, 1872.

The object of a specification is to apprise the defendant of the claims made upon him, so as fully to guide him in his preparations for trial. *Stearns* v. *Wright,* 50 N. H. 295.

If the proof had been that the labor claimed in the specification was performed subsequent to the date of the writ, the plaintiff could not, of course, recover for it in this suit. But the case finds that the labor was performed prior to the date of the writ. The defendant objected to the specification at the trial, but did not ask to have it rejected; nor did the plaintiff ask for leave to amend the dates to correspond with the proof. As no motion was made to reject the specification, and as no objection to it was seasonably made, we think the defendant may be regarded as in the position of one who goes to trial without a specification. As the plaintiff could recover nothing under his specifica-

tion, he was thrown back upon the general counts in his writ, and the specification must be regarded as laid out of the case. It may, however, be amended, if necessary, upon such terms, if any, as the judge who tried the cause may impose.

2. The defendant claims that the plaintiff has a lien on each thousand feet of lumber drawn, for the price of drawing, and no more. The statute creating this lien must have a reasonable construction, and the construction contended for by the defendant would be most unreasonable. It would require the laborer to preserve for sixty days the identity of each thousand feet, although the lumber was in the possession of another. It would involve endless care, perplexity, expense, uncertainty, disputes, and litigation. In fact, it would be well-nigh or quite impossible to keep each thousand feet distinct and separate. Such a construction would practically nullify the statute. We entertain no doubt that the legislature intended to give the person cutting or drawing lumber a lien on the whole quantity drawn, for his personal services. The word "thereon," as used in the statute, must mean the whole quantity. If any less quantity had been intended, it would have been so expressed as to leave no uncertainty on the subject.

3. We entertain no doubt of the correctness of the defendant's position that the plaintiff could have a lien only upon the lumber drawn within sixty days prior to the attachment of the same in this suit; and as this suit is brought for the purpose of securing, by attachment, a lien, which would otherwise expire in sixty days, the plaintiff cannot recover in this suit except for services rendered within said sixty days. Gen. Stats., ch. 125, sec. 14.

4. The lumber attached having been sold by consent of parties, and the proceeds deposited in the hands of Mr. Proctor to await the determination of this suit, the money must be treated as standing for the lumber attached, and be considered as bailed to Mr. Proctor for safe keeping.

5. The law as to the application of payments is too well settled to be disturbed. When no express appropriation is made by the creditor or debtor, the court, at the trial, if more than one debt exists, will direct the payment to be applied to the debt not secured. *Hilton* v. *Bailey*, 2 N. H. 196. A debtor, paying money to a creditor who has several claims against him, may direct the application of the payment to which claim he pleases. If the debtor makes no application, the creditor may at the time apply it to any demand then due and payable. *Caldwell* v. *Wentworth*, 14 N. H. 431. If no application is made by either party, the law will make the application to the eldest legal claim then due, if there is no particular equity or reason for a different course. *Parks* v. *Ingram*, 22 N. H. 295 ;—see, also, *Thompson* v. *Phelan*, 22 N. H. 339 ; *Young* v. *Woodward*, 44 N. H. 250 ; *Morse* v. *Wood*, 5 N. H. 301 ; *Sawyer* v. *Tappan*, 14 N. H. 352 ; *Carpenter* v. *Goin*, 19 N. H. 482 ; *Livermore* v. *Rand*, 26 N. H. 85.

As the case finds that the payments made by the defendant were made without any special directions as to the application of the same, and that the plaintiff applied the payments, as they were made, upon

the earlier items of the account, and upon that part of the account which was for work done outside the contract, leaving a balance of account of $157.50 due the plaintiff for hauling lumber under the special contract within sixty days before the attachment was made, and that the lumber attached had been drawn within sixty days from the time of attachment, the ruling of the judge who tried the cause, that the plaintiff had the right to apply the payments in the manner in which he did, and that all of his remaining account is covered and secured by his lien, and that the plaintiff is entitled to hold all the lumber attached to the extent of his claim and costs as against Brown's assignee, was correct, and the defendant's exceptions must be over- ruled.

The plaintiff is entitled to judgment for $157.50 and interest from the date of the writ, unless the defendant elects to have an auditor appointed, as by an amendment to the case he is entitled to have, for the purpose of a further hearing upon the quantity of lumber drawn, the times when drawn, and the payments made on account of the same. For whatever sum the plaintiff may recover judgment, he is entitled to an execution to be levied upon the lumber drawn within sixty days prior to the date of the writ.

By the provisions of the bankrupt act of 1867, section 1, original jurisdiction is conferred upon the United States district court in con- troversies in regard to the collection of all the assets of the bankrupt, and to the ascertainment and liquidation of the liens thereon. If the courts of the United States sitting in bankruptcy should abstain from ascertaining the lien and providing for its satisfaction out of the prop- erty or the proceeds of a sale thereof, the only way of enforcing it would be under the present suit. *Clifton* v. *Foster*, 103 Mass. 233. If therefore the assignee of Brown takes. steps to ascertain and liquidate the plaintiff's lien on this property, this suit must stand continued to await the result of that movement; but if no such steps are taken, the plaintiff will be entitled to judgment and execution against the prop- erty attached.

*Exceptions overruled.*