SCHULTZE (PECK v.). See Case No. 10,895.

SCHULTZ, The P. C. See Case No. 10,865.

---

## Case No. 12,489.

### SCHULZE v. BOLTING.

[8 Biss. 174;[1] 17 N. B. R. 167.]

District Court, W. D. Wisconsin. Feb. 13, 1878.

BANKRUPTCY—MORTGAGE TO SECURE FUTURE ADVANCES—CORRECTION OF MISTAKE.

1. A mortgage to secure future advances is good as against the assignee in bankruptcy for the amount of advances actually made thereon.

2. A mistake in the description of the premises in such mortgage may be corrected as against the assignee to the same extent as would have been allowed against the mortgagor.

In bankruptcy.

T. L. Kennan, for plaintiff.

Cox & Rogers, for defendant.

BUNN, District Judge. On the 24th of November, 1876, Henry Bolting filed his peti-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

tion to be declared a bankrupt, and on the same day was declared a bankrupt by this court, and the plaintiff, F. W. Schulze, on the 5th of December thereafter was appointed assignee, and the estate of the bankrupt duly assigned to him. Afterwards, on the 15th day of February, 1877, Francis Bolting, the defendant in this suit, commenced an action in the state court, to correct a mistake in the description of premises contained in a mortgage upon real estate in Portage City, Wis., executed by Henry Bolting and wife, to him, September 27, 1875, for the sum of $4,000.

This action is brought to set aside that mortgage on the ground that it was obtained and given to hinder and delay creditors, and was without consideration. The evidence fails entirely to show any fraud or want of consideration in the giving of the mortgage. On the contrary, it is proven that at the time the mortgage was given Henry Bolting was indebted to Francis in the sum of $779.14 for goods theretofore sold by Francis to him. The mortgage was given to secure the balance of indebtedness and also future · advances of goods to be made by Francis to Henry. On September 30, three days after the mortgage was given, Francis · Bolting sold and advanced to Henry on the strength of this mortgage goods to the amount of $959.81, making an indebtedness of $1,738.95, for which the mortgage is a valid security.

The mistake in the description of a portion of the property mortgaged is clearly proven, but it is insisted that this mistake can-·not be corrected as against the assignee of Henry Bolting. This is a mistaken view. The assignee is not in the situation of a purchaser for value without notice. He simply succeeds to the rights of Henry Bolting and his creditors, and takes the actual interest which Henry Bolting and his creditors had in the property at the time of the filing of the petition, subject to all legal and equitable claims of other persons. He is in no better position than they would be to defend against an equity like this. And it is clear law that as against Henry Bolting, his heirs or personal representatives, and as against his creditors, even judgment creditors whose judgments are a lien on the land, such an equity must prevail. Such a special equity and charge upon the land will prevail as against the general lien of the judgment. 1 Story, Eq. Jur. § 165; Ontario Bank v. Mumford, 2 Barb. Ch. 596; Cook v. Tullis, 18 Wall. [85 U. S.] 332; Mitchell v. Winslow [Case No. 9,673]; Kelly v. Scott, 49 N. Y. 595; Spackman v. Ott, 65 Pa. St. 131; Rhoades v. Blackiston, 106 Mass. 334; Winsor v. Kendall [Case No. 17,-886]; Donaldson v. Farwell [93 U. S. 631]; Coggeshall v. Potter [Case No. 2,955]; Hayes v. Dickinson [9 Hun, 277].

As the mistake is set out in the answer and clearly proven, although no affirmative

relief is sought by the defendant, I see no objection to his amending his answer or filing a cross bill praying for such relief, and taking a decree for the reformation of the mortgage. This course may save the expense of another action for that purpose. There must also be a decree for a perpetual injunction restraining the further prosecution of the action brought in the state court. If such actions were allowed to be prosecuted in the state court, it would lead to endless delay and complication in the settlement of the estate in this court. The defendant proved up his claim in this court in the bankruptcy proceedings, and all the difference between the situation of his case and the unsecured creditors is, that he will be entitled to preference of payment out of the funds realized from the sale of the mortgaged property. And if any action to foreclose the mortgage becomes necessary, that action should be prosecuted in this court by leave of the court first obtained, but probably no such action will be necessary. Phelps v. Sellick [Case No. 11,079]; Whitman v. Butler [Id. 17,579]; Markson v. Haney [47 Ind. 31]; Clifton v. Foster, 103 Mass. 233.

Decree to be entered in accordance with this opinion.