Filed March 14, 1884.

---

No. 10,944.

SEAVEY, ASSIGNEE, v. MAPLES ET AL.

BANKRUPTCY.—*Jurisdiction to Collect Assets.*—The State courts have no jurisdiction of suits by an assignee in bankruptcy to collect assets of the bankrupt, such jurisdiction being exclusive in the bankruptcy court, by reason of the bankruptcy act of 1867.

From the Superior Court of Allen County.

*P. A. Randall* and *W. J. Vesey*, for appellant.

*W. H. Coombs, J. Morris, R. C. Bell, C. H. Aldrich* and *J. M. Barrett*, for appellees.

FRANKLIN, C.—This is a suit brought in the Allen Superior Court by appellant, as assignee in bankruptcy of the estate of Jacob C. Bowser, against appellees Maples and Bulger, upon two promissory notes executed to the bankrupt.

A demurrer, alleging that the State court had no jurisdiction of the subject-matter of the action, and that the complaint did not state facts sufficient to constitute a cause of action, was sustained to the complaint. The plaintiff declined to plead further, and judgment was rendered for the defendants for costs.

Error has been assigned upon the sustaining of the demurrer.

The only question discussed by appellant is as to the jurisdiction of the court.

As a general proposition, the Federal courts have jurisdiction over the enforcement of Federal laws. The 711th section, R. S. 1874, of the United States, provides that "jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States;" the sixth clause of which embraces "all matters and proceedings in bankruptcy." By section 563 of said Revised Statutes, it is provided that "The District courts are constituted courts of bankruptcy, and shall have in their respective districts original jurisdiction in all matters and proceedings in bankruptcy." By section 4972 of said Revised Statutes, "The jurisdiction conferred upon the District courts as courts of bankruptcy shall extend: First. To all cases and controversies arising between the bankrupt and any creditor or creditors who shall claim any debt or demand under the bankruptcy. Second. To the collection of all the assets of the bankrupt. Third. To the ascertainment and liquidation of the liens and other specific claims thereon. Fourth. To the adjustment of the various priorities and conflicting interests of all parties. Fifth. To the marshalling and disposition of the different funds and assets, so as to secure the rights of all parties and due distribution of the assets among all the creditors. Sixth. To all acts, matters, and things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt, and the close of the proceedings in bankruptcy."

" The appellant concedes that State courts have no jurisdiction over matters and proceedings in bankruptcy, but insists that a suit by an assignee in bankruptcy to collect a debt due the estate he represents is not a matter and proceeding in bankruptcy within the meaning of the statute."

It will be seen that the District courts are made courts of bankruptcy; that the jurisdiction conferred shall extend to the collection of the assets of the bankrupt; and that the jurisdiction therein conferred upon the courts of the United States is *exclusive* of that of the several State courts. These

statutes all being passed at the same time must be construed together so far as they are *in pari materia ;* but it appears to us there is but little, if any, room for construction, notwithstanding the authorities seem somewhat conflicting upon this question. The cases of *Kidder* v. *Horrobin,* 72 N. Y. 159, and *Clark* v. *Ewing,* 9 Bissell, 440, and, also, Bump on Bankruptcy (9th ed.), p. 231, hold in favor of the jurisdiction of the State Courts, while the following cases hold against such jurisdiction : *Newman* v. *Fisher,* 37 Md. 259 ; *Brigham* v. *Claflin,* 31 Wis. 607 (11 Am. R. 623) ; *Voorhies* v. *Frisbie,* 25 Mich. 476 (12 Am. R. 291) ; *Hallack* v. *Tritch,* 17 Nat. B. R. 293 ; *Olcott* v. *Maclean,* 16 Nat. B. R. 79 ; *Kecht* v. *Springstead,* 51 Iowa, 502 ; *Dodd* v. *Hammock,* 59 Ga. 403. While the weight of authority outside of this State appears to be against such jurisdiction in the State courts, we think in Indiana it should no longer be regarded an open question. Under the bankrupt act of 1867 it has been held in the cases of *Markson* v. *Haney,* 47 Ind. 31, and *Stanley* v. *Sutherland,* 54 Ind. 339, that the State courts did not possess such jurisdiction.

Under the revision of 1874, before referred to, in the case of *Sherwood* v. *Burns,* 58 Ind. 502, it was expressly held by this court that the State courts possessed no such jurisdiction, and that State courts could exercise jurisdiction in the collection of legal demands, where the sum did not exceed five hundred dollars, only when so directed by the court having charge of the estate of the bankrupt, which was subsequently approved in the case of *Dashing* v. *State,* 78 Ind. 357. And the same is substantially held in the case of *Blair* v. *Hanna,* 87 Ind. 298. And as this case is not claimed to be based upon such direction, we think the case of *Sherwood* v. *Burns,* *supra,* is decisive of the question under consideration. Notwithstanding the doubt that may have existed upon this question under the act of 1867, prior to the revision of 1874, the last decision of this court, above cited, leaves no doubt as to what the law now is, at least in Indiana, unless there has since been some change in the statutes upon this subject, and we

have not been referred to any such change, nor do we know of any. We must, therefore, hold that in this State the question is settled against such jurisdiction in the State courts, unless the decision in the case of *Sherwood* v. *Burns, supra,* be overruled; and, instead of overruling it, we think that it is in accordance with the provisions of the statute and the weight of authority, and should be adhered to.

The court having no jurisdiction of the subject-matter of the cause of action, we need not examine the question as to whether the complaint stated sufficient facts.

There was no error in the sustaining of the demurrer to the complaint.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

ZOLLARS, J., did not participate in the decision of this case.
Filed March 14, 1884.