## Case No. 1,873.
### BRIGGS v. STEPHENS.
[7 Law Rep. 281.]

District Court, N. D. New York. May, 1844.

BANKRUPTCY — PROOF AND PAYMENT OF SECURED DEBTS—DISTRICT COURT — JURISDICTION —SALE BY ASSIGNEE—DEFECTIVE TITLE—REMEDY.

1. A judgment creditor, who proves his debt against a bankrupt, thereby surrenders his judgment as a lien on the lands of the bankrupt.

[Cited in Clifton v. Foster, 103 Mass. 233.]

2. Where the assignee of a bankrupt sells his property, the court, in bankruptcy, will not interfere to vindicate the title of the purchaser.

In bankruptcy. This case came before the court on the petition of William S. Briggs, setting forth the following facts, viz.: That upon the petition of the said Briggs, filed October 20, 1842, Gideon Stephens was, on the 8th of March, 1843, decreed a bankrupt. On the 10th of January, 1843, a judgment was recovered by Archibald Stephens, in the supreme court of this state, for $6,000. On the 12th of June last, the assignee of the bankrupt sold his real estate, including a valuable farm of about 232 acres, which was purchased by the petitioner. On the 3d of April last, the said Archibald Stephens proved his said judgment as a debt against said bankrupt; and on the 11th of August last, he, notwithstanding, caused the real estate of the bankrupt to be sold, in virtue of an execution on the judgment, when he became himself the purchaser of the said farm, for the sum of $12. Being dissatisfied with the result of the sale, he afterwards, in September last, applied to the supreme court, without notice to the petitioner, for an order, directing a re-sale of the real estate of the bankrupt under his judgment, which order was granted; and he had caused the lands of the bankrupt, including the said farm, to be advertised for sale, in pursuance of the said order. The petitioner prayed an injunction to restrain any further proceedings on the said judgment against the lands of the bankrupt, whereof he was seized at the date of his bankruptcy, and especially against the farm purchased by the petitioner. In a brief petition by the assignee, subjoined to that of Briggs, and sworn to by the assignee, he affirmed the truth of the facts set forth by Briggs, and united with him in his prayer for relief. [Petition dismissed.]

CONKLING, District Judge. If the petitioner has stated the facts of his case truly, he unquestionably has a valid title to the farm in question; and if these facts had been fully made known to the supreme court, on an application for a re-sale, by Archibald Stephens, that court would have seen, that having elected to prove his judgment as a debt against the bankrupt, he had thereby surrendered his judgment as a lien on the lands of the bankrupt; and his application would, doubtless, have been denied. The fifth section of the bankrupt act is perfectly explicit on this point. But admitting that the petitioner is entitled, upon general principles, to the interposition of a court of equity to quiet his title, I am of opinion that this court is incompetent to afford him relief. While the property of a bankrupt is in a course of administration, in the hands of the assignee, this court is not only empowered, but bound, to restrain all persons from any unlawful interference with it, which, if permitted, would operate injuriously to the rights of the creditors. But when, as in the present case, the assignee has lawfully sold the property I know of no ground on which this court is authorized to interfere, at the instance of the purchaser, to vindicate his title. If another sees fit to contest his title, the controversy, like others of a like nature, is to be determined by the state tribunals, whose duty it is, equally with the national courts, to give effect to acts of congress, as the supreme law of the land. The petition must therefore be dismissed. It is proper to add, also, that the petitioner is mistaken, even admitting the case to be within the jurisdiction of the court, in supposing that he is entitled to the relief he asks on petition. The provision contained in the 6th section of the bankrupt act, requiring the "jurisdiction of the court in all matters and proceedings in bankruptcy to be exercised summarily, in the nature of summary proceedings in equity," is not understood to embrace controversies respecting the title to property in which strangers are parties. Such controversies, according to their nature, are to be prosecuted by action at law, or suit in equity in the accustomed forms.