MARSTON *v.* STICKNEY.            { MARCH 12,
                                       1875.

</div>

When a creditor has a lien on a building, or on the land whereon the building stands, for labor performed and materials furnished, and seeks to perfect his lien by a suit and attachment under the provisions of ch. 125, sec. 12, Gen. Stats., and the debtor is adjudged a bankrupt, unless his assignee shall proceed in the United States courts sitting in bankruptcy to ascertain the lien and provide for its satisfaction out of the property, the creditor will be entitled to enforce his lien by his suit in the state court.

In such case, if the assignee, upon being served with an order of notice, neglect to appear and show cause why judgment should not be rendered against the property attached, the creditor, upon establishing his claim, will be entitled to judgment *in rem* against the property covered by his lien.

The writ, which was dated December 26, 1873, contained a large number of counts in general *indebitatus assumpsit*, commonly called omnibus counts. It also contained the following clause: " We also command you to attach the dwelling-house lately erected ¦by said defendant on School street in said Lebanon, in order to secure and preserve the plaintiff's lien thereon for the indebtedness aforesaid." The officer's return, dated December 26, 1873, states an attachment of said dwelling-house for the purpose directed in the writ. The writ and return may be referred to. It was not denied but the claim upon which the writ is founded is for labor and materials furnished by the plaintiff about building said house, within the meaning of the statute, but no specification was shown to the court.

It appeared that the defendant, William W. Stickney and one Elliott T. Merrick, both of St. Louis, were duly adjudged bankrupts in the district court of the United States for the eastern district of Missouri, April 9, 1874. The defendant thereupon moved that proceedings in this cause be stayed, and that the same be continued; and the questions thereon arising were transferred to this court.

*Morris, Murray,* and *Shirley,* for the plaintiff.

*Charles W. Pierce,* for the defendant.

The jurisdiction of the district court, by the first section of the bankrupt act of 1867, extends over all controversies between the bankrupt and any creditor. The district court may prohibit any proceeding in a state court, by a creditor, to liquidate and enforce a lien upon property of a debtor who is adjudged a bankrupt. It has the entire control of the bankrupt's estate,—even to ascertain and settle the amount of liens

and make provisions for their liquidation. *Re Clark*, 9 Blatchf. 372; *re Iron Mountain Co. of Lake Champlain*, a bankrupt, 9 Blatchf.

By the twenty-first section of the bankrupt act no creditor can prosecute his claim to final judgment until the question of the bankrupt's discharge is determined, and, upon application of the bankrupt or assignee, the suit shall be stayed until such determination, provided there shall be no unreasonable delay on the part of the bankrupt to obtain his discharge. There has been no unreasonable delay in this case. The defendant was adjudged a bankrupt April 9, 1874. There should be, at least, as much time granted the assignee for adjusting the affairs of the bankrupt as is ordinarily given for the settlement of the smallest estates of deceased persons, viz., one year before he is charged with unreasonable delay.

The statute in regard to the stay of proceedings is peremptory, and applies to all cases ; and, taken in connection with the twentieth section, it is obviously for the purpose of allowing the district court, at any time during the pendency of the question of discharge, to direct the manner of discharging the lien, or the assignee to adjust matters by any of the methods indicated by said twentieth section.

The purpose of the twenty-first section was to suspend and not destroy the creditor's right of action. Any other view is incompatible with other provisions of the act. *John C. Smith* v. *Soldiers' Bureau, &c., Co.*, 30 N. J. Law Rep. 60.

SMITH, J.  The defendant's motion was, that proceedings in this cause be stayed, and that the same be continued. If it be conceded, as it seems to be, that the plaintiff has a lien for labor performed and materials furnished in the erection of a dwelling-house under a contract with the defendant, which the plaintiff is seeking to perfect by this suit, under the provisions of Gen. Stats., ch. 125, secs. 11, 12, 13, there would not seem to be any good reason why the defendant's motion should be granted. The plaintiff does not seek to recover a judgment against the defendant *in personam*, but merely against the property attached, and upon which he claims a lien. The assignee does not appear to contest either the suit or the lien. It is immaterial whether the defendant shall or not receive a discharge in bankruptcy, because if he should obtain one he could not plead it in bar of the further prosecution of a suit brought solely to perfect by attachment a lien upon property which can be perfected in no other way. If the plaintiff has a valid lien upon the property attached, it is protected by the bankrupt act, and the property passed to the assignee of the defendant subject to the lien.[*]

In *Clifton* v. *Foster*, 103 Mass. 233, it is said by GRAY, J.,—"Under the provisions of the bankrupt act, the courts of the United States

---

[*]As to such liens, see *Rowe* v. *Page*, 54 N. H. 190, 194–197, and *Bean* v. *Brown*, *ib.* 395, 397, 398 ;—and see *Waitt* v. *Thompson*, 43 N. H. 161, 163 ; *Bryant* v. *Warren*, 51 N. H. 213, 215, 216 ; *Cheshire Provident Inst.* v. *Stone*, 52 N. H. 365, 367.

REPORTER.

sitting in bankruptcy may indeed authorize the assignee to redeem the property and discharge the lien; or, they may order the entire property to be sold, and ascertain the amount of the debt secured by the lien, in which case that debt would be preferred in the distribution of the proceeds, and the purchaser of the estate would take it discharged of all incumbrances. *Houston* v. *City Bank*, 6 How. 486; *Fowler* v. *Hart*, 13 How. 373; *Wiswall* v. *Sampson*, 14 How. 52; *Pulliam* v. *Osborne*, 17 How. 471; *in re Barrow*, 1 Bank. Reg. 125; *Foster* v. *Ames*, 2 Bank. Reg. 147. But, on the other hand, those courts may, in their discretion, without investigating the validity or the extent of the lien, allow the assignee to sell the property subject to the lien, and the bankrupt's estate to be finally settled, without any determination of the rights claimed under the lien, in which case the petitioner would retain those rights as against the purchaser of the property. *Wiswall* v. *Sampson*, 14 How. 67; *Briggs* v. *Stephens*, 7 Law Rep. 281; *in re McClellan*, 1 Bank. Reg. 91; *in re Bowie, ib.* 185; *Foster* v. *Ames*, 2 Bank. Reg. 147, 148. If the courts of the United States, sitting in bankruptcy, should abstain from ascertaining the lien and providing for its satisfaction out of the property or the proceeds of a sale thereof, the only way of enforcing it would be under the present petition."

The plaintiff's lien depends for its existence and continuance upon a strict compliance with the provisions of the statutes. Neglect to commence a suit and secure it by attachment upon the property within sixty days from the time the labor thereon was performed, or the materials therefor furnished, would operate to dissolve it. It can only be kept alive and made effectual by bringing such a suit within the time limited by statute. In what way the lien is to be ascertained and liquidated, when the defendant is adjudged bankrupt after the lien attaches, depends in the first instance upon the assignee. If he should take no steps for that purpose, the creditor is necessarily left to pursue his remedy in the state courts. The assignee of the defendant has as yet taken no steps for that purpose, nor has he appeared to resist this suit. If he should unreasonably delay, we should probably be warranted in assuming that he does not consider the property worth redeeming, and should be authorized to permit the plaintiff to proceed with his suit.

· The case shows that the defendant and one Merrick were adjudged bankrupt, but whether jointly or as partners does not appear, and perhaps is not material; nor does it appear whether the defendant was adjudged bankrupt in his individual capacity also. If not, there would seem to be no obstacle to the prosecution of this suit without further delay.

In *Clifton* v. *Foster* the assignee was a party, and appeared and resisted the plaintiff's petition; and the case was ordered to stand continued to await the result of the action of the courts of the United States in the proceedings in bankruptcy. If the assignee were a party to this suit, I should feel bound to advise the same course here. In the absence of any statutory directions, and of any settled practice in

this respect, I think an order of notice should issue against the assignee to appear at the next term and show cause why judgment should not be rendered against the property attached, for the lien. If he should neglect to appear at the next term, the plaintiff should then be permitted to proceed with the prosecution of his suit. Whether he has a claim against the defendant, secured by a lien on the property attached, is for him to prove if denied; but if proved, he is entitled to his judgment *in rem*, and execution against the property.

CUSHING, C. J., concurred.

LADD, J., concurred.

*Action to stand continued, and order of notice to assignee to issue.*