SLY *& a.* v. PATTEE *& a.*

To secure the statute lien for labor and materials on property against the title or interest of a third person, there must have been a contract for such labor and materials with the immediate owner, of which such third person had notice, actual or constructive, at the time he acquired his interest.

The lien judgment in such a case must be *in rem.*

BILL IN EQUITY, praying for an order of sale of land claimed by the plaintiffs to be held in common with the defendants.  The plaintiffs claim title, by the levy on the land of two executions issued on personal judgments against the defendants' mortgager, in actions brought to secure the statute lien for labor and materials.  The defendant Pattee had a valid mortgage of the land from the execution debtor when the attachments to secure the lien were made, and at the time of the levy

of the executions he was in possession, foreclosing his mortgage. The other defendant disclaims title as tenant of Pattee. The court dismissed the bill, and the plaintiffs excepted.

*Spring* and *Shirley*, for the plaintiffs.

*Murray*, for the defendants.

ALLEN, J.   There was no evidence that the labor and materials, for which suits were brought to secure the statute lien, had been furnished, or that a contract to furnish them, of which the defendant had notice, had been made by the plaintiffs, when the defendant took his mortgage. The contract must be with the owner, and the lien is on his interest as it is at the time, and takes precedence only of subsequent contracts and attachments to secure them. Gen. St., *c.* 125, *ss.* 11–13. The mortgagee's rights cannot be impaired by a contract which did not exist when the mortgage was made, and to which he was not a party, nor by a prior contract of which he had no notice, and about which he was not put on inquiry. *Cheshire Prov. Inst.* v. *Stone,* 52 N. H. 365; *Jacobs* v. *Knapp,* 50 N. H. 71; *Sargent* v. *Usher,* 55 N. H. 287. To enable the plaintiffs to establish title to the land against the defendant's mortgage, there must have been at the time the mortgage was made such a contract, of which the defendant had notice, actual or constructive.

The levy under which the plaintiffs claim title was of executions issued on judgments rendered against the mortgager personally, and not *in rem,* and at the time of the levy the defendant was in possession of the premises under a *bona fide* mortgage, made and recorded before the plaintiffs' attachments. It was not an attempt to levy on the equity of redemption, nor on the mortgager's property, treating the mortgage as fraudulent and void as to his creditors, but to take the defendant's property by virtue of a lien paramount to the mortgage. To have made such levy effective, the judgments should have been *in rem* against this specific property; and the executions should have followed the judgments, specifying the property to be levied on. Failing in this, the plaintiffs took nothing by their levy as against the defendant. *Marston* v. *Stickney,* 55 N. H. 383, 386; *Bryant* v. *Warren,* 51 N. H. 213, 216.

*Bill dismissed.*

STANLEY, J., did not sit.