MARSTON & a. *v.* STICKNEY & a.

A builder has no lien upon a house for labor performed and materials furnished under a contract with a holder of the mere legal title, whom the equitable owner, in the open, visible, and exclusive possession, employs to build it, and whom he supplies with means of doing it.

BILL IN EQUITY for partition. William W. Stickney purchased for his mother, Lucinda Stickney, and Cyrus W. Smith, defendants, with their funds and at their request, a lot of land in Lebanon, taking the deed in his own name. Mrs. Stickney moved into the old house upon the premises soon after, and occupied it until it was repaired. After it was repaired she lived in a part of it, the rest being let to tenants, until she moved into a new house which was built upon the lot by William. The firm of which William was a member had funds belonging to his mother, which it was understood he would use in building the house, and she afterwards furnished him more money for the purpose of completing it. She purchased of Smith his half of the premises, and received from him an obligation to convey upon payment of the purchase-money. A few days afterwards the plaintiff Marston contracted with William to perform labor and furnish materials for erecting the house. William did not disclose that he was acting in any other capacity than as owner of the premises; and Marston made no inquiries as to the ownership, but understood from what was said and done by William that the title was in him. Until after the house was built Marston had no notice that Mrs. Stickney was the owner of the premises. The plaintiffs sued William, and attached the house to secure liens which they claimed for labor

and materials.    Judgment was rendered in their favor against the property, and undivided parts were set off to them upon execution.

*Dole*, for the plaintiffs.

The defendants are estopped from denying the authority of William W. Stickney to make the contract.   *Nixon* v. *Brown*, 57 N. H. 34.    A resulting trust can affect the rights of third parties only when the existence of the trust is known to them.    The fact that Mrs. Stickney, with other tenants, was living in a house the record title to which was in her son, would not be notice of her equitable title, nor was it such a fact as should have put the plaintiffs on inquiry.

*Spring*, for the defendants.

A resulting trust existed in favor of the defendants.   The occupation of the premises by Mrs. Stickney was notice to the plaintiffs of her title, or was sufficient to put them on inquiry.   *Colby* v. *Kenniston*, 4 N. H. 262; *Pritchard* v. *Brown*, 4 N. H. 397; *Hadduck* v. *Wilmarth*, 5 N. H. 181; *Rogers* v. *Jones*, 8 N. H. 264; *Cutting* v. *Pike*. 21 N. H. 347; *Bell* v. *Twilight*, 22 N. H. 500; *Hastings* v. *Cutler*, 24 N. H. 481; *Bank* v. *Eastman*, 44 N. H. 431; *Warren* v. *Swett*, 31 N. H. 332; *Patten* v. *Moore*, 32 N. H. 382; *Gooding* v. *Riley*, 50 N. H. 400; *Tucker* v. *Tilton*, 55 N. H. 223. There was no privity of contract between the parties.   The statute respecting liens, being in derogation of common law, must be construed strictly, and all its requirements must be complied with. *Wendell* v. *Abbott*, 43 N. H. 68; *Ellis* v. *Lull*, 45 N. H. 419; *Esterley's Appeal*, 54 Penn. St. 192; *Cook* v. *Heald*, 21 Ill. 425.

BINGHAM, J.    The defendants, having paid the purchase-money, became the equitable owners of the premises.   Mrs. Stickney, by the purchase of Smith's interest, acquired the whole title, and she was in open, visible, exclusive, and unambiguous possession at the time the contract with the plaintiffs was made, and while the house was being built.    Her possession was in law notice of her equitable interest, and a creditor of William could not hold the land as against her.    *Cutting* v. *Pike*, 21 N. H. 347; 1 Wash. Real Prop. (4th ed.) 317.    The questions between her and the plaintiffs are the same that they would have been as between her and William, to whom she furnished money for building the house, and by whom its erection was sub-contracted to the plaintiffs.    By the contract, or performance of it, the plaintiffs acquired no lien against her equitable title, she being in possession.    The plaintiffs' contract was with William, and their lien is upon William's interest.    To create the statutory lien against an equitable interest, its owner

must have had actual or constructive notice of the contract for labor and materials. *Sly* v. *Pattee*, 58 N. H. 102. The contract for building and furnishing materials being subject to the rights of Mrs. Stickney, the plaintiffs took nothing by their levy as against her. The plaintiffs' claim for a lien stands no better if it is placed on the ground that they were sub-contractors or laborers under a contract with an agent or contractor of the owner, for the reason that they gave no notice to the defendants that they should claim a lien. Laws of 1871, *c*. 1, *s*. 1.

*Bill dismissed.*

STANLEY, J., did not sit: the others concurred.